UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 5, 2013

LETTER TO COUNSEL:

    RE:   *Terry D. Camper v. Commissioner, Social Security Administration*;
           Civil No. SAG-12-2552

Dear Counsel:

On August 27, 2012, the Plaintiff, Terry Camper, petitioned this Court to review the Social Security Administration's final decision to deny her claims for Supplemental Security Income and Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 18). I find that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Ms. Camper filed her claims on October 6, 2008. (Tr. 111-21). She alleged that she became disabled on February 1, 2007. (Tr. 115). Her claims were denied initially on January 27, 2009, and on reconsideration on June 18, 2009. (Tr. 85-92, 96-99). A hearing was held on November 1, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 45-80). Following the hearing, on March 24, 2011, the ALJ determined that Ms. Camper was not disabled during the relevant timeframe. (Tr. 20-44). The Appeals Council denied Ms. Camper's request for review (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Camper suffered from several severe impairments, including degenerative disc disease, Chiari I malformation, and Ross Syndrome. (Tr. 25). Despite these impairments, the ALJ determined that Ms. Camper retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can never climb ladders, ropes or scaffolds; only occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl; and must be able to alternate sitting and standing positions every ½ hour.

(Tr. 30). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Camper can perform her past relevant work, and that she is therefore not disabled. (Tr. 40).

Ms. Camper presents four arguments on appeal. First, she contends that the ALJ failed

to follow the "treating physician rule" as applied to the opinions of Dr. Taylor-Ennis, Dr. Glaun, Dr. Sugar, and Ms. Birnbaum. Ms. Camper next argues that the ALJ erred by finding that her anxiety was not severe. Third, Ms. Camper argues that the ALJ erred by not relying on any medical opinion in his RFC finding. Last, she argues that the ALJ's analysis of her past relevant work was inadequate. Each argument lacks merit.

First, Ms. Camper argues that the ALJ failed to follow the "treating physician rule." Pl. Mot. 33. More specifically, Ms. Camper argues that the ALJ erred because he disregarded the treating physicians' opinions without citing to persuasive contradictory evidence. *Id.* at 34. However, this standard has been superseded. *See Brown v. Astrue*, No. CBD-10-1238, 2013 WL 937549, at *4, (D. Md. Mar. 8, 2013); *Stroup v. Apfel*, 205 F.3d 1334, 2000 WL 216620, at *4-5 (4th Cir. 2000). Under the current regulations, a treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). In this case, the ALJ provided a two page comprehensive analysis of his decision to assign "little weight" to the opinions of four treating physicians. (Tr. 38-40). Ms. Camper contends that the ALJ did not properly account for Dr. Taylor-Ennis, Dr. Sugar, and Ms. Birnbaum's opinions that she has a mental impairment that impacts her ability to do work.[1] *Id.* at 34. However, the ALJ cited substantial evidence when assigning little weight to those opinions. The ALJ noted that Ms. Camper can "clean, shop, cook, take public transportation, pay bills, maintain a residence, care appropriately for her grooming and hygiene, use telephones and directors [sic], and use a post office consistently, independently, appropriately, and effectively." (Tr. 29). The ALJ further noted that Dr. Taylor-Ennis found that Ms. Camper often had a euthymic mood, broad affect, appropriate thought content, no perceptual disturbance, spontaneous thought process, and was alert and cooperative. (Tr. 29, citing Ex. 25, at 1-14). The ALJ explained that Ms. Camper did not complain of anxiety to Dr. Vemulakonda, who did not note any anxiety or mental health issues on examination during the same time frame as the treatment with Dr. Taylor-Ennis. (Tr. 29, citing Ex. 20F, at 1-3). Moreover, the ALJ highlighted Ms. Camper's reports that she was feeling better on several occasions, and Dr. Taylor-Ennis's notes that she was "doing ok" and had made "good" progress toward treatment goals. (Tr. 29). The ALJ explained that Dr. Taylor-Ennis has not recommended any medication management, Ms. Camper had never been prescribed anti-anxiety medication, and she had not sought treatment since January 2011. (Tr. 29-30). The ALJ also explained that the few mental health treatment notes in the record only mention anxiety, and not depression.[2] (Tr. 30). Lastly,

---

[1] Dr. Taylor-Ennis also opined, on a check-box form with little narrative content, that Ms. Camper would experience a substantial loss in the ability to understand, carry out, and remember even simple instructions if placed in a competitive environment, and had marked restrictions in maintaining concentration, persistence, and pace. (Tr. 294-96).

[2] The ALJ also cited Ms. Camper's self-report, where she explained that she spends time with friends and family, visits with others "as much as possible," reported following written instructions "very well" and spoken instructions "well," reported getting along with authority figures "very well" and handling stress "well," and reported no issues with talking, hearing, seeing, memory, understanding, following instructions, or getting along with others. (Tr. 33).

the ALJ provided numerous reasons for assigning little weight to the opinions of Dr. Sugar, Dr. Glaun, Dr. Taylor-Ennis, and Ms. Birnbaum, including their unquestioned reliance on subjective complaints and large gaps in treatment. (Tr. 38-39). The ALJ's analysis of Ms. Camper's mental capacity is supported by substantial evidence.[3]

Ms. Camper also argues that the ALJ failed to account for the findings of Dr. Glaun and Dr. Sugar relating to her back impairment. Pl. Mot. 35-36. Specifically, Ms. Camper argues that the ALJ should have assigned more weight to Dr. Glaun's opinion that she could not sit for six out of eight hours, stand for two hours, or lift and carry ten pounds regularly due to her pain, and Dr. Glaun and Dr. Sugar's opinions that she would have to lie down and rest for at least an hour and a half during a normal work day. Pl. Mot. 35-36. The ALJ cited substantial evidence from the record supporting his conclusion that Ms. Camper's impairments were not as disabling as alleged. Although Ms. Camper rated her pain as 7-10/10 at the hearing, the ALJ noted that she rated her pain as 1/10 and 2-3/10 in November 2007, 4/10 in October 2008, and 2-3/10 in November 2008 (Tr. 34-35). Although Ms. Camper argues that she cannot sit for six hours, she told Dr. Sugar that her only difficulty in tolerating work was pain from standing. (Tr. 34-35). Ms. Camper also stated that she could remain in one position and stand for sixty minutes before experiencing pain, and that she could walk for thirty minutes before she had to stop and sit down. (Tr. 34, 36). This is consistent with the ALJ's RFC, which allowed Ms. Camper to change positions every thirty minutes. (Tr. 30). The ALJ also highlighted several treatment notes suggesting that Ms. Camper was in no acute distress (Tr. 34, 35, 36), and noted that Dr. Sugar's examination revealed that Ms. Camper's lumbar spine range was essentially normal and had painless range of motion at the hips, knees, and ankles. (Tr. 34-35). The ALJ then explained that Dr. Vemulakonda did not note any signs of back problems just three weeks before Dr. Sugar rendered his opinion that Ms. Camper was disabled. (Tr. 39). The ALJ also noted that Cymbalta helped Ms. Camper's pain, but she did not call for refills. (Tr. 36). As mentioned above, the ALJ noted the large gaps in Ms. Camper's treatment history. (Tr. 37). The ALJ also explained that Dr. Sugar's recommendation of a progressive exercise program, consisting of walking every day or nearly every day, is inconsistent with a disabling level of back problems. (Tr. 37). Therefore the ALJ did not err in his analysis of Ms. Camper's back impairment and his determination that the treating physicians' opinions were entitled to little weight.

Ms. Camper's second argument is that the ALJ's step two analysis is incomplete. Specifically, Ms. Camper argues that the ALJ erred by finding that her anxiety was not a severe impairment, largely because there are no medical assessments to support the ALJ's finding. Pl. Mot. 36. However, as set forth above, the ALJ thoroughly discussed the medical evidence relating to Ms. Camper's alleged mental impairment, and properly found that her allegations

---

[3] Ms. Camper also argues that she meets listing 12.06 because Dr. Taylor-Ennis opined that she had marked restrictions in activities of daily living, maintaining social functioning, maintaining concentration, persistence, and pace, and experienced extended episodes of decompensation. Pl. Mot. 37. As noted above, the ALJ properly assigned little weight to Dr. Taylor-Ennis's opinions, and the evidence highlighted by the ALJ provides sufficient support for his finding that Ms. Camper's alleged mental impairments do not meet a listing.

were unsupported in the record. Moreover, the ALJ must consider the medical evidence in the record, but is not required to rely on a specific medical opinion when determining whether an impairment is severe. *See Felton-Miller v. Astrue*, 459 Fed. Appx. 226, 230-31 (4th Cir. 2011). Because the ALJ considered the medical evidence and because his opinion is supported by substantial evidence, he did not err in finding that Ms. Camper's anxiety was not severe. Moreover, even if I were to agree that the ALJ erred in his evaluation of any of Ms. Camper's impairments at step two, such error would be harmless. Because Ms. Camper made the threshold showing that her degenerative disc disease, Chiari I malformation, and Ross Syndrome constituted severe impairments, the ALJ continued with the sequential evaluation process and considered all of the impairments, both severe and nonsevere, that significantly impacted Ms. Camper's ability to work. *See* 20 C.F.R. § 404.1523. Accordingly, I find no basis for remand.

Ms. Camper next argues that the ALJ's mental and physical RFC findings are not based on the opinion of any acceptable medical source. Pl. Mot. 37. Ms. Camper argues that the ALJ's mental RFC is "absolutely nonexistent." However, as described in detail above, the ALJ properly found that Ms. Camper's anxiety was not severe. The ALJ's RFC need not account for an impairment that does not impact a claimant's ability to work. Ms. Camper further argues that it was "pure conjecture" to find that she can alternate sitting and standing every thirty minutes, because that finding is not aligned with the opinion of any medical source. Pl. Mot. 38. However, the ALJ is not required to base his RFC finding on a specific medical opinion. *Felton-Miller*, 459 Fed. Appx. at 230-31. Moreover, the ALJ assigned significant weight to the state agency consultants, who found that Ms. Camper could stand and walk for six hours and sit for six hours in an eight hour work day. (Tr. 37-38, 220, 248). One of the consultants noted that Ms. Camper can walk for thirty minutes, and Ms. Camper stated that she could walk for thirty minutes before she had to stop and sit down. (Tr. 36). The ALJ's RFC is therefore consistent with Ms. Camper's testimony and the medical opinion of the state agency consultants. The ALJ did not err in assessing Ms. Camper's RFC.

Lastly, Ms. Camper argues that the ALJ failed to properly analyze her ability to return to her past relevant work. Pl. Mot. 40. More specifically, Ms. Camper argues that the ALJ failed to make any finding addressing her ability to understand, carry out, and remember instructions, use judgment in making work-related decisions, respond appropriately to supervision, coworkers, or work situations, and deal with changes in a routine work setting. *Id.* As discussed thoroughly above, the ALJ properly found that Ms. Camper has minimal difficulty in those areas.

Ms. Camper further argues that the ALJ did not define any of the demands for her past relevant work. *Id.* at 41. Certainly, the ALJ's analysis could have been more detailed. However, the ALJ took testimony from Ms. Camper at the hearing regarding her duties as a tutor/teaching assistant, customer service representative, and telemarketer. (Tr. 54-57). The ALJ then asked the VE to classify the positions (Tr. 76), and referred in his opinion to the VE's testimony those positions were "semi-skilled, SVP-3 and light in exertion," "semi-skilled, and an SVP level of 3 and sedentary in exertion," and "semi-skilled level and . . . sedentary exertional." (Tr. 76). Because the ALJ's RFC is supported by substantial evidence as described above, and because the VE's testimony provides substantial evidence that the past relevant work falls within

*Terry D. Camper v. Commissioner, Social Security Administration*;
Civil No. SAG-12-2552
July 5, 2013
Page 5

Ms. Camper's RFC, remand is unnecessary.

    For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 14) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 18) will be GRANTED. The Clerk is directed to CLOSE this case.

    Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

    Sincerely yours,

    /s/

    Stephanie A. Gallagher
    United States Magistrate Judge